## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDSAY GRUBBS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 1:18-cv-3722 |
| v. | ) |
| | ) |
| FIRST ADVANTAGE BACKGROUND | ) |
| SERVICES CORP., | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer against the Defendant for its violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff, LINDSAY GRUBBS, is an adult individual who resides in Indianapolis, Indiana.

5.      Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("First Advantage") is a consumer reporting agency that regularly conducts business in Southern District of Indiana. Defendant has a principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328, and is incorporated in the State of Indiana.

## FACTUAL ALLEGATIONS

6.      On or about September 26, 2018, Plaintiff applied to RANDSTAD US, L.P. for a position of employment with a then unidentified "major financial institution."

7.      The position to which Plaintiff applied had a start date of October 3, 2018 and a pay rate of $17.00 per hour.

8.      The following day, on or about September 27, 2018, Plaintiff was contacted by RANDSTAD US, L.P. for a telephone interview and learned that the position of employment would be with WELLS FARGO.

9.      On or about September 27, 2018, subsequent to Plaintiff's interview with RANDSTAD US, L.P., RANDSTAD US, L.P. offered to place Plaintiff in a position of employment with WELLS FARGO; said offer was contingent upon Plaintiff successfully passing a background screening.

10.      As part of its routine background check on its prospective employees, RANDSTAD US, L.P. requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

11.      On or about September 27, 2018, RANDSTAD US, L.P. requested a consumer report from Defendant and Defendant sold a consumer report to RANDSTAD US, L.P. concerning the Plaintiff.

12.      The report furnished by Defendant was for employment purposes.

13.      Defendant has been improperly reporting, and did here report, sealed, expunged, derogatory, inaccurate, and/or time barred statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information"), including RANDSTAD US, L.P.

14.     The inaccurate information includes, but is not limited to, an Indiana criminal conviction from 2005 that had been sealed and/or expunged by the State of Indiana on May 18, 2015.

15.     In the consumer report Defendant sold to RANDSTAD US, L.P., Defendant improperly characterized the expunged conviction as an arrest for which the Tippecanoe County Circuit and Superior Courts were unwilling to provide any additional information.

16.     Defendant, however, was already aware at the time it sold the report to RANDSTAD US, L.P. that the referenced charge related to an expunged conviction because Defendant had previously asked Plaintiff about it, and Plaintiff had provided the Expungement Order.

17.     First Advantage is inaccurately reporting a criminal conviction pertaining to Plaintiff.  These charges should have been removed from the Plaintiff's criminal file and consumer report in May 2015 in accordance with the actual public record.

18.     First Advantage failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  Had First Advantage followed such procedures it would have never falsely reported the sealed and/or expunged charges on Plaintiff's consumer report.

19.     As a result of the information contained within the consumer report that First Advantage sold to RANDSTAD US, L.P., Plaintiff was denied placement for employment with Wells Fargo; the basis for this denial was the inaccurate and derogatory criminal information that appears on Plaintiff's First Advantage consumer report and that the inaccurate information was a substantial factor for denial.

20.     Plaintiff also alleges a claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so.  This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report.  It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.  Defendant's failure to comply with these long standing requirements denied the Plaintiff these important rights.

21.     Upon information and belief, the Plaintiff alleges that Defendant never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1).

22.     Additionally, Defendant does not maintain strict procedures designed to insure that the public records information it reports is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2).  If Defendant had maintained such procedures, it would not have reported felony and/or misdemeanor convictions or arrests which have been sealed on Plaintiff's consumer report.

23.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

25.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29.     At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

31.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendant, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c)  Punitive damages;

(d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**LINDSAY GRUBBS**

By:  ___s/ David M. Marco_____
Attorney for Plaintiff

Dated: November 28, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:        dmarco@smithmarco.com